✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA
V.
__MICHAEL W. EVERS__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case    1:07 mj 39

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed -   that is
    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
    ___ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    ___ under 18 U.S.C. § 924(c).
(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ___ clear and convincing evidence  X  a preponderance of the evidence  that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____      _____
Date      *Signature of Judge*

Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07mj 39

UNITED STATES OF AMERICA,

Vs.

MICHAEL W. EVERS.

ADDENDUM TO DETENTION ORDER

## I. FACTORS CONSIDERED

**18 U.S.C. § 3142:**

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including--

   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a crime of violence, that being the breaking and entering into a motor vehicle.

**(g)(2):** The weight of the evidence against the person appears to be strong and convincing.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has some family ties in the community. The defendant has been a resident of the state of California during almost all the defendant's entire life. Two and one-half weeks ago the defendant came to Buncombe County, NC to reside with the defendant's father who is a life-long resident of Buncombe County, NC. The defendant does not have employment and does not have financial resources nor does he have a length of residence in the community. In regard to the defendant's criminal history relating to drug or alcohol abuse shows that the defendant on occasion, in the past, has used marijuana. The defendant has no criminal history whatsoever. Having had no criminal history, the defendant's record at court appearances is good. The defendant has advised that he has spent 7 years in the Marine Corp which included 3 tours of duty in Iraq. He received a less than honorable discharge.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. This factor does not exist.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that a risk of danger to any other person or the community has not been shown by clear and convincing evidence.

There has been shown by a preponderance of the evidence that the release of the defendant could create a risk of flight on his part. The defendant's sister, who resides in Oregon, and who has had a consistent relationship with the defendant has advised the defendant's father that if the defendant were released that he would flee the jurisdiction. The defendant has no connections with the state of North Carolina other than a two and one-half week relationship with his father. As a result, the undersigned has determined, by a preponderance of the evidence, that the release of the defendant would create a risk of flight and has determined to enter an order detaining the defendant.

Based upon the defendant's prior history for use of marijuana, the defendant will be allowed

to participate in the Jail Based Inpatient Treatment Program. If the defendant chooses to participate and successfully completes the Jail Based Inpatient Treatment Program and further should there be other evidence that could be presented to the court that would defeat the evidence that is shown by a preponderance that if the defendant was released his release would create a risk of flight then the court will reconsider the issue of the detention of the defendant.

WHEREFORE, it is ordered that the defendant be detained pending further proceedings in this matter and that the defendant be allowed to participate in the Jail Based Inpatient Treatment Program.

Signed: April 13, 2007

Dennis L. Howell
United States Magistrate Judge